UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BEYE, KATHLEEN BRADLEY and CHRISTINE BYRAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY<br><br>    Defendant. | CIVIL ACTION NO.: 06-cv-05337 (FSH)(PS) |
| SUZANNE FOLEY, RONALD DRAZIN, and RONALD SEDLAK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY<br><br>    Defendant. | CIVIL ACTION NO.: 06-cv-06219 (FSH)(PS) |

**HORIZON'S RESPONSES TO THE COURT'S AUGUST 16, 2007 ORDER**

GREENBERG TRAURIG, LLP
200 Park Avenue
P.O. Box 677
(973) 360-7900
Florham Park, New Jersey 07932
Attorneys for Defendant

Of Counsel and on the Brief:
   Philip R. Sellinger
   David Jay

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. THE COURT SHOULD USE AN ARBITRARY AND CAPRICIOUS STANDARD WHEN REVIEWING HORIZON'S BENEFITS DECISIONS UNDER ERISA AND NON-ERISA PLANS ............................................................................................... 1

    ERISA Plans ............................................................................................................. 1

    Non-ERISA Plans .................................................................................................... 3

II. THE PARITY LAW PROVIDES NO PRIVATE RIGHT OF ACTION AND WOULD NOT AFFORD PLAINTIFFS ANY RIGHTS NOT AVAILABLE TO THEM UNDER THEIR BENEFIT PLANS IN ANY EVENT ........................................ 4

III. PLAINTIFFS WERE REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BY PURSUING A DOBI APPEAL .................................................. 5

IV. PRIMARY JURISDICTION PROVIDES AN ALTERNATIVE BASIS FOR DISMISSING THE CLAIMS OF ERISA PLAINTIFFS WHO FAILED TO SEEK DOBI REVIEW ...................................................................................................... 8

V. OTHER SUBMISSIONS AND IDENTIFICATION OF DOCUMENTS ........................ 10

## TABLE OF AUTHORITIES

**Federal Cases**

*Abnathya v. Hoffman-La Roche, Inc.*, 2 F. 3d 40 (3d Cir. 1993)......................................... 2

*Argant v. Northern N.J. Teamsters Ben. Plan.*, 2007 WL 1560298 (D.N.J. May 29, 2007)..................................................................................................................2

*Carton v. Choice Point*, 450 F. Supp. 2d 489 (D.N.J. 2006)............................................... 4

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)............................................... 3

*Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227 (3rd Cir.1994) ..................................... 6

*In re LymeCare, Inc.*, 301 B.R. 662 (D.N.J. 2003)................................................... 6, 7, 8

*IPCO Safety Corp. v. WorldCom, Inc.*, 944 F. Supp. 352 (D.N.J. 1996) ........................... 8

*Mitchell v. Eastman Kodak Co.*, 113 F. 3d 433 (3d Cir. 1997) ........................................... 2

*Pinto v. Reliance Standard Life Ins. Co.*, 214 F. 3d 377 (3d Cir. 2000).......................... 1, 2

*Shah v. Broadspire Svcs., Inc.*, 2007 WL 2248155 (D.N.J. Aug. 2, 2007) ......................... 1

*Skretvedt v. E. I. Dupont De Nemours & Co.*, 268 F. 3d 167 (3d Cir. 2001) .................. 1, 2

*Werbler v. Horizon Blue Cross Blue Shield of N.J.*, 2006 WL 3511181 (D.N.J. Dec. 5, 2006).............................................................................................. 1, 3, 10

**State Cases**

*Abbott v. Burke*, 100 N.J. 269 (1985) ................................................................................. 8

*Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267 (1978)................................................... 8

*In re Commissioner of Insurance's March 24, 1992 Order*, 256 N.J. Super. 158 (App.Div. 1992), *aff'd*, 132 N.J. 209 (1993) .................................................................. 5

*Lemelledo v. Beneficial Mgm't Corp.*, 150 N.J. 255 (1997) ............................................... 5

*Lipman v. Rutgers-State Univ. of N.J.*, 329 N.J. Super. 433 (App. Div. 2000).................. 6

*Muise v. GPU*, 332 N.J. Super 140 (App. Div. 2000) .................................................... 8, 9

*Pierzga v. Ohio Cas. Group of Ins. Companies*, 208 N.J. Super. 40 (App. Div.) certif. denied, 104 N.J. 399 (1986) ................................................................................ 5, 9

*R.J. Gaydos, Ins. v. Nat'l Consumer*, 168 N.J. 255 (2001) .............................................. 4, 5

*Rahway Hosp. v. Horizon Blue Cross Blue Shield of N.J.*, 374 N.J. Super. 101 (App. Div. 2005) .................................................................................................. 9

*Retail Clerks Welfare Fund v. Continental Cas. Co.*, 71 N.J. Super. 221 (App. Div. 1961) ............................................................................................................. 5

State Statutes

N.J.S.A. 17:48-15 ................................................................................................... 5

N.J.S.A. 26:2J-24 ................................................................................................... 5

State Regulations

N.J.A.C. 11:24-3.7 ................................................................................................. 6

N.J.A.C. 8:38-8.7 ................................................................................................... 5

I. **THE COURT SHOULD USE AN ARBITRARY AND CAPRICIOUS STANDARD WHEN REVIEWING HORIZON'S BENEFITS DECISIONS UNDER ERISA AND NON-ERISA PLANS.**

**ERISA Plans:**

Where an ERISA-governed benefit plan gives the plan administrator discretion in "interpret[ing] the plan and making benefits determinations," the court is to review a denial of benefits under an "arbitrary and capricious" standard. *Skretvedt v. E. I. Dupont De Nemours & Co.*, 268 F. 3d 167, 173-74 (3d Cir. 2001). Under this standard, the plan administrator's decision is given deference unless it was "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Pinto v. Reliance Standard Life Ins. Co.*, 214 F. 3d 377, 392 (3d Cir. 2000); *accord Shah v. Broadspire Svcs., Inc.*, 2007 WL 2248155 *2 (D.N.J. Aug. 2, 2007).

Horizon's ERISA-governed benefit plans have recently been examined by a court in this district. In *Werbler v. Horizon Blue Cross Blue Shield of N.J.*, 2006 WL 3511181 (D.N.J. Dec. 5, 2006), Judge Thompson found that:

> Under [Horizon's] Plan, a claimant may seek review of a denial of coverage via a three level appeal process. At the "First Level Appeal," the claimant may discuss the coverage decision directly with the physician who issued the denial. ... At a "Second Level Appeal," [Horizon] selects a panel of physicians to review the case, who were not involved in the initial determination. ... As a final appeal, the claimant may request an "External Appeal" conducted before an independent qualified physician selected by an Independent Utilization Review Organization ("IURO") "under the auspices of the New Jersey Department of Health and Human Services."

*Id.* at *1 (internal citations omitted). Judge Thompson further found that: (1) "[Horizon's] Plan gave an unaffiliated physician assigned by the IURO <u>full discretion</u> to determine eligibility for benefits" (*id.* at *3) (emphasis added); and (2) the IURO

1

deciding the External Appeal "is unaffiliated with [Horizon], has no financial stake in the outcome of the decision, and as such is <u>free of potential conflicts of interest</u>." *Id.* at *1 (emphasis added). Judge Thompson thus held that "[t]he evidence does not warrant the application of a 'heightened arbitrary and capricious' standard of review under [*Pinto*, 214 F. 3d at 387-88]." *Id.* at *3.[1]

The benefit plans at issue in this case are the same in all material respects as those at issue in *Werbler*.[2] As in *Werbler*, Horizon's decisions to deny (or limit) benefits to Plaintiffs with ERISA plans must be given deference and may be overturned only if they were "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *See id.* at *4 (noting that "Court ... cannot substitute its own judgment of eligibility for benefits for that of [Horizon] under the applicable standard of review.") (citing *Abnathya v. Hoffman-La Roche, Inc.*, 2 F. 3d 40, 45 (3d Cir. 1993)); *see also id.* (finding Horizon's decision not "unreasonable or unsupported by the record"). The same arbitrary and capricious standard applies whether or not Horizon's denial of benefits ever reached an IURO because, as plan administrator, Horizon has discretion in interpreting the plan. *See Skretvedt*, 268 F. 3d at 173-74; *see also* Foley plan (Morella Cert., Exh. D), p. 17(defining "Discretion" to "mean[] the [Horizon] sole right to make a decision or determination.").

---

[1] A court applying a "heightened" arbitrary and capricious standard is "'deferential [to the decision], but not absolutely deferential.'" *Argant v. Northern N.J. Teamsters Ben. Plan.*, 2007 WL 1560298 (D.N.J. May 29, 2007) (quoting *Mitchell v. Eastman Kodak Co.*, 113 F. 3d 433, 439 (3d Cir. 1997)).

[2] Copies of the ERISA plans of Plaintiffs Bradley, Byram, Foley and Drazin are attached as Exhibits B, C, D and E, respectively, to the April 25, 2007 Certification of Barbara Morella ("Morella Cert."), submitted in support of Horizon's motion to dismiss. Like the plan at issue in *Werbler*, these plans provides for three levels of appeal for utilization management decisions, with the last level being an external appeal to an IURO assigned by DOBI (or by the New Jersey Department of Health and Senior Services, which previously had responsibility for handling such appeals). *See, e.g.*, Foley Plan (Morella Cert., Exh. D) pp. 38-43.

**Non-ERISA Plans:**

The United States Supreme Court has made clear that the same analysis used to determine the standard of review for denials of benefits under ERISA plans also applies to denials of benefits under non-ERISA plans. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Court established the standard of review for denials of benefits under ERISA plans by applying "[t]rust principles [which] make a deferential standard of review appropriate when a trustee exercises discretionary powers." *Id.* at 111. The Court noted that this trust law standard of review "is consistent with the judicial interpretation of employee benefit plans prior to the enactment of ERISA":

> Actions challenging an employer's denial of benefits before the enactment of ERISA were governed by principles of contract law. <u>If the plan did not give the employer or administrator discretionary or final authority to construe uncertain terms</u>, the court reviewed the employee's claim as it would have any other contract claim -- by looking to the terms of the plan and other manifestations of the parties' intent.

*Id.* at 112-13 (emphasis added). Conversely, if the plan gives the administrator discretion, the court should accord the administrator's decision deference.

Horizon's non-ERISA employee health benefit plans are not materially different from the Horizon ERISA plan that Judge Thompson examined in *Werbler*. See 2006 WL 3511181 at *3 (finding Horizon's Plan gave unaffiliated physician assigned by IURO <u>full discretion</u> to determine benefit eligibility).[3] Accordingly, under *Firestone Tire & Rubber* and for the reasons noted by Judge Thompson, Horizon's decisions to deny (or limit) benefits to Plaintiffs with non-ERISA plans must be given the same deference as its decisions for ERISA plans. In other words, such decisions must be reviewed under an

---

[3] The non-ERISA plans of Plaintiffs Beye and Sedlak (Morella Cert., Exhs. A and F, respectively) contain substantially the same appeals process description as in the ERISA Plaintiffs' plans and the Horizon plan language quoted by Judge Thompson in *Werbler*. See, e.g., Beye Plan, Exh. A, pp. 83-86.

3

arbitrary and capricious standard, which means they may be overturned only if they are found to be "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *See id.* at *4.

## II. THE PARITY LAW PROVIDES NO PRIVATE RIGHT OF ACTION AND WOULD NOT AFFORD PLAINTIFFS ANY RIGHTS NOT AVAILABLE TO THEM UNDER THEIR BENEFIT PLANS IN ANY EVENT.

Consistent with the New Jersey Parity Law, the Horizon policies under which Plaintiffs are insured cover medically necessary treatment for biologically-based mental illnesses at parity with other illnesses. Plaintiffs allege that Horizon's denials or limitations of coverage for eating disorder treatment violate the Parity Law. But, taking their allegations as true, Plaintiffs have stated, at most, a contract claim against Horizon because the Parity Law does not afford a private right of action. Even if it did, nothing in the Parity Law would afford Plaintiffs any rights that they do not already have in their Horizon policies.

As noted in Horizon's moving brief in support of its motion to dismiss, New Jersey courts "have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action." *R.J. Gaydos, Ins. v. Nat'l Consumer*, 168 N.J. 255, 271 (2001). Indeed, when a statute that is silent as to a private right of action "expressly provides for enforcement by the State...[,] New Jersey courts have held that no private right of action exists." *Carton v. Choice Point*, 450 F. Supp. 2d 489, 499 (D.N.J. 2006) (rev'd on other grounds). In the context of insurance statutes in particular, the New Jersey Supreme Court has held that:

> [W]here there is no discernable legislative intent to authorize a private cause of action in a statutory scheme that already contains civil penalty provisions, the courts will not infer a private cause of action. As the Appellate

4

> Division [has] noted..., "[w]henever the Legislature intended to create civil penalties for violations of insurance statutes, regulations, and Department orders, it knew how to do so. . . . <u>Implied remedies are unlikely to be intended by a Legislature that enacts a comprehensive legislative scheme including an integrated system of procedures for enforcement.</u>"

*R.J. Gaydos*, 168 N.J. at 275 (quoting *In re Commissioner of Insurance's March 24, 1992 Order*, 256 N.J. Super. 158, 176 (App.Div. 1992), *aff'd*, 132 N.J. 209 (1993) (emphasis added)); *cf. Lemelledo v. Beneficial Mgm't Corp.*, 150 N.J. 255, 264 (1997) (finding no private right of action for damages under Insurance Trade Practices Act, Insurance Producer Licensing Act or Credit Life and Health Insurance Act); *Pierzga v. Ohio Cas. Group of Ins. Companies*, 208 N.J. Super. 40, 47 (App. Div.) *certif. denied*, 104 N.J. 399 (1986) (finding no private cause of action under Insurance Trade Practices Act); *Retail Clerks Welfare Fund v. Continental Cas. Co.*, 71 N.J. Super. 221, 226 (App. Div. 1961) (holding that provisions of Insurance Trade Practices Act prohibiting discriminatory and deceptive trade practices do not imply private right of action). Given that the Parity Law does not specifically provide a private right of action but does provide for State enforcement and civil penalty provisions,[4] a private right of action under the Parity Law cannot be implied.

### III. PLAINTIFFS WERE REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BY PURSUING A DOBI APPEAL.

As noted, Horizon policies provide for a three-level appeal of utilization management decisions, the third level being an external appeal to DOBI, which then

---

[4] *See* N.J.S.A. 26:2J-24(a), (c) (providing for enforcement by Commissioners of Health and Banking and Insurance and for administrative penalty "not less than $250 nor more than $10,000 for each day that the [HMO] is in violation of [the HMO Act]"); N.J.S.A. 17:48-15 (providing that "[a]ny hospital service corporation ... which shall have violated any of the provisions ... of [the Hospital Service Corporations] Act ... shall be liable to (sic) a penalty of five hundred dollars ($500.00), to be sued for and collected by the Commissioner of Banking and Insurance in a civil action in the name of the State").

assigns the appeal to an IURO. N.J.A.C. 8:38-8.7 ("External appeals process"). Plaintiffs receiving adverse benefits decisions were advised by letter of the availability of DOBI review. *See* June 12, 2006 letter sent to Plaintiff Beye (attached to September 10, 2007 Certification of Philip Sellinger as Exhibit A); *see also* N.J.A.C. 11:24-3.7 ("Complaint and appeal system"). Indeed, Beye followed this procedure. *See* August 11, 2006 letter from DOBI to Beye (attached to Supplemental Certification of Barbara Morella submitted in connection with Horizon's motion to dismiss, Exhibit N) (acknowledging receipt of Beye's appeal and advising that it would be forwarded to an IURO, which has the "expertise" "to make medical determinations about the etiology of illnesses"). Plaintiffs were thus obliged to seek DOBI review of their Horizon decisions before filing these suits.

For purposes of deciding whether appeal to an agency (DOBI, in this case) is necessary for exhaustion of remedies purposes, the relevant inquiry is whether an adequate administrative remedy exists for the claims asserted. Where an adequate administrative remedy exists, the plaintiff must exhaust such remedy before judicial relief can be sought. *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1230 (3rd Cir.1994). This rule is based on the sound policy determination that administrative entities should be allowed to exercise their special "technical expertise" in subject areas with which courts are less familiar. *Lipman v. Rutgers-State Univ. of N.J.*, 329 N.J. Super. 433, 441 (App. Div. 2000).

Exhaustion of administrative remedy is required even when the relevant statute or plan does not specify the administrative remedy as the exclusive recourse, and even if the insurance provider did not properly advise its insured regarding the appeals procedure. *In*

6

re *LymeCare, Inc.*, 301 B.R. 662 (D.N.J. 2003), illustrates both of these points. *In re LymeCare* was a bankruptcy proceeding in which the debtor, a health care provider, sought reimbursement from Horizon, claiming that Horizon had failed to honor the assignments of benefits that the debtor had received from Horizon subscribers insured under the Federal Employees Health Benefits Act ("FEHBA"). Horizon maintained that the debtor's FEHBA claims should be dismissed for failure to exhaust administrative remedies because the debtor had not appealed to the Office of Personnel Management ("OPM"), the agency vested with the authority to promulgate FEHBA regulations,[5] prior to seeking judicial review. Although the debtor argued that FEHBA does not expressly prescribe an administrative remedy, the court nevertheless recognized that "<u>agency regulations promulgated under the authority of the statute may create an exhaustion requirement, despite the absence of such a requirement within the text of the statute.</u>" *Id.* at 670 (emphasis added). The court further found that, although Horizon had failed to notify the debtor of the available administrative remedies, OPM, as the agency charged by Congress with interpreting and enforcing insurance contracts between FEHBA participants and carriers, was best suited to resolve the ultimate issue of whether the treatment rendered by debtor was reasonable and necessary:

> The scheme of national uniformity of coverage for FEHBA participants would be disturbed if, in the first instance, judicial officers substituted their own judgment for that of the OPM in reviewing the denial of claims by carriers. In balancing the various considerations, the primacy of OPM review overshadows Horizon's failure to notice the FEHBA patients and providers of the appropriate appellate procedures.

---

[5] Like DOBI regulations, OPM regulations permit insureds to ask OPM to review any claim denied by the insurer.

*Id.* at 672. The *LymeCare* court found that issues of medical necessity and coverage under the relevant plan "may be more effectively presented, comprehended, and assessed by a tribunal with the particular training, acquired expertise, actual experience, and direct regulatory responsibility" for the program. *Id.* at 678 (citing *Abbott v. Burke*, 100 N.J. 269, 300 (1985)).

As the entity that promulgated the regulations relevant to this case, DOBI (through its contracted IUROs) has the technical expertise necessary to decide Plaintiffs' claims. *Cf. IPCO Safety Corp. v. WorldCom, Inc.*, 944 F. Supp. 352, 357 (D.N.J. 1996) (staying claims of telemarketer against long distance provider arising from loss of telephone service where primary issue was enforceability of limitation of liabilities provision in provider's tariff, ". . . a task which falls squarely within the set of tasks over which the FCC has expertise and primary jurisdiction"). The DOBI appeal process is thus an adequate administrative remedy for the claims asserted here, and Plaintiffs Bradley, Byram, Foley and Drazin should have exhausted that remedy before filing suit.

## IV. PRIMARY JURISDICTION PROVIDES AN ALTERNATIVE BASIS FOR DISMISSING THE CLAIMS OF ERISA PLAINTIFFS WHO FAILED TO SEEK DOBI REVIEW.

All of the Plaintiffs, including ERISA Plaintiffs Bradley, Byram, Foley and Drazin, were obliged to pursue an appeal with DOBI before filing suit.

As explained in more detail in Horizon's moving brief in support of its motion to dismiss, primary jurisdiction is "the circumstance in which a 'court declines original jurisdiction and refers to the appropriate body those issues which, under a regulatory scheme, have been placed within the special competence of an administrative body.'" *Muise v. GPU*, 332 N.J. Super 140, 158 (App. Div. 2000) (quoting *Daaleman v.*

*Elizabethtown Gas Co.*, 77 N.J. 267, 269 n.1 (1978)). The doctrine's two main purposes are (i) to "allow an agency to apply its expertise to questions which require interpretation of its regulations…" and (ii) "to preserve uniformity in the interpretation and application of an agency's regulations." *Id.* at 159; *see also id.* at 160 (noting that "general test for when a court should defer to an agency's primary jurisdiction is when 'to deny the agency's power to resolve the issues in question would be inconsistent with the 'statutory scheme' which vested the agency with the authority to regulate the industry or activity it oversees.'" (Internal citations omitted).

New Jersey courts have long recognized the need to defer to DOBI's primary jurisdiction on insurance issues. *See, e.g., Pierzga v. Ohio Cas. Group of Ins. Cos.*, 208 N.J. Super. 40, 47 (App. Div. 1986) ("[T]he insurance industry is already heavily regulated by [DOBI]. It thus appears that <u>exclusive regulatory jurisdiction of insurance companies, at least with respect to the payment of claims, is within [DOBI]</u>.") (internal citation omitted; emphasis added). Health insurance issues in particular fall within DOBI's primary jurisdiction. *See Rahway Hosp. v. Horizon Blue Cross Blue Shield of N.J.*, 374 N.J. Super. 101, 107 (App. Div. 2005) (reversing grant of summary judgment to health insurer in breach of contract action and declaring that "the <u>primary jurisdiction doctrine . . . required that we transfer the matter to [DOBI]</u> so the Commissioner could 'have the <u>first opportunity of interpreting [the pertinent statutory provision] in a litigated context</u>'") (internal citations omitted; emphasis added).

Plaintiffs' claims relate to coverage required under a specific New Jersey insurance law on which DOBI has special expertise. DOBI should, therefore, be given the "first opportunity" to review the claims of Plaintiffs Bradley, Byram, Foley and

9

Drazin. The fact that all of these Plaintiffs are insured under ERISA plans does not alter this conclusion, since any claim appeal that is denied by DOBI (or by the IURO to which DOBI assigns the appeal) can be reviewed by this Court under an "arbitrary and capricious" standard of review. *See Werbler*, 2006 WL 3511181 (reviewing ERISA plaintiff's claim under "arbitrary and capricious" standard following its denial by IURO).

## V. OTHER SUBMISSIONS AND IDENTIFICATION OF DOCUMENTS

Pursuant to the Court's August 16, 2007 Order, (1) the parties have made a joint submission that lists the ERISA plan plaintiffs (*see* jointly submitted letter dated September 10, 2007); (2) copies of the "Group Master Contracts" are attached to the Certification of David Jay, submitted herewith; and (3) the Court's direction that Horizon identify certain categories of documents in the record is being addressed in a separate submission.

*******

We appreciate having been given the opportunity to address these issues with the Court.

Respectfully submitted,

GREENBERG TRAURIG, LLP
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (fax)
*Attorneys for Defendant
Horizon Healthcare Services Inc.
d/b/a Horizon Blue Cross Blue Shield of
New Jersey*

By: s/ Philip R. Sellinger
      Philip R. Sellinger

Dated: September 10, 2007

10