UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BEYE, KATHLEEN BRADLEY And CHRISTINE BYRAM, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br><br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., <br><br> Defendant. | CIVIL ACTION NO.: 06-5337(FSH) <br><br><br><br><br><br> SUPPLEMENTAL STIPULATED DISCOVERY CONFIDENTIALITY ORDER |
| SUZANNE FOLEY, RONALD DRAZIN, And RONALD SEDLAK, individually and On behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., <br><br> Defendant. | CIVIL ACTION NO. 06-6219 (FSH) |

The Stipulated Discovery Confidentiality Order dated June 29, 2007 is hereby supplemented to add as follows:

Any document stamped "Attorneys Eyes Only" shall be treated as HIGHLY CONFIDENTIAL and receive the highest level of protection. Documents may be designated "Attorneys' Eyes Only" either by the Court or by the producing party. Documents designated as "Attorneys' Eyes Only" shall be only the most highly sensitive

documents. A party that disagrees with an "Attorney's Eyes Only" designation may seek the producing party's consent to remove the designation and, if the party's cannot agree, the objecting party may move by joint letter / informal application to the Court for relief from such designation. The following terms apply to "Attorney Eyes Only" documents:

(a) Except as otherwise provided herein or by written stipulation of the Parties or by further order of the Court, documents designated "Attorneys' Eyes Only" shall be disclosed only to attorneys of record for the parties to this action, their authorized secretarial and legal assistants and staff, and, subject to paragraph (c) below, to expert witnesses retained by the parties or their attorneys for purposes of this action upon the terms set forth herein. It is further stipulated that a party producing an "Attorney Eyes Only" document will attempt to produce a redacted version of the same document that can be stamped merely "Confidential" pursuant to the Stipulated Discovery Confidentiality Order dated June 29, 2007, in which case the redacted version would be subject to the terms of that Order only. If agreement about the redacted form cannot be reached, it may be addressed to the Court on informal application by joint letter.

(b) If any attorney or authorized staff member who has been given access to an "Attorneys' Eyes Only" document resigns from his or her firm during the pendency of these cases, the attorney or staff member will be required to sign a certification acknowledging that he or she may not use the information in the "Attorneys' Eyes Only" Documents in any fashion for any purpose.

(c) Expert witnesses, regardless of whether they are going to be a testifying expert under Fed. R. Civ. P. 26, may be given access to "Attorney Eyes Only" documents only if they have signed a Certification agreeing to be bound by this Supplemental

2

Stipulated Discovery Order and acknowledging that they will not use the document or information contained therein outside the context of this Litigation for any purpose whatsoever.

(d) Except as noted in subparagraphs (a-c), no documents or information designated "Attorneys Eyes Only" shall be disclosed to (i) any party to this action (unless they are a producer(s) of the "Attorney Eyes Only" document), or (ii) to any officer, director, employee, or agent of any party, except by written stipulation signed by the producing party or by order of the Court.

(e) A party wishing to file an "Attorneys' Eyes Only" document with the Court must file a formal motion as required by Local Civ. R 5.3. Designation as confidential under this Order alone is not a sufficient basis to seal. A party seeking to seal information submitted in connection with a request for nondiscovery relief shall contact the Chambers of the undersigned for further instructions before a motion is filed.

(f) All "Attorney Eyes Only" documents must be returned or destroyed at the end of the case in accordance with the Court's Protective order in this matter. If an inadvertent disclosure is made of an "Attorney Eyes Only" document, the party must immediately, and no later than 24 hours after learning of the inadvertent disclosure, notify the producing party of the error and cooperate in the rectification of the error.

(g) If a party's attorney or expert intentionally discloses an "Attorney Eyes Only" document or the confidential information contained therein outside of the context of this

3

lawsuit, it is agreed that the Court, amongst other sanctions which it may impose, may consider under all circumstances present whether the sanction of disqualification of that person from the case is appropriate.

**MAZIE, SLATER, KATZ & FREEMAN**

By: _____
Beth G. Baldinger
*Attorneys for Beye Plaintiffs*

**NAGEL RICE LLP**

By: _____
Randee M. Matloff
*Attorneys for Foley Plaintiffs*

**GREENBERG TRAURIG, LLP**

By: _____
Philip R. Sellinger
*Attorneys for Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey*

SO ORDERED: this 13th day of December, 2007

_____
PATTY SHWARTZ
United States Magistrate Judge

4