**NOT FOR PUBLICATION**
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAWN BEYE, <u>et al.</u>, | : | |
| | : | |
| Plaintiffs, | : | Civil Case No. 06-5337 |
| | : | |
| v. | : | **<u>ORDER and OPINION</u>** |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <u>et al.</u>, | : | Date: July 28, 2008 |
| | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| SUZANNE FOLEY, <u>et al.</u>, | : | |
| | : | |
| Plaintiffs, | : | Civil Case No. 06-6219 |
| | : | |
| v. | : | |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**<u>HOCHBERG, District Judge</u>**

This matter having come before the Court upon Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc.'s ("Horizon") May 21, 2008 appeal pursuant to Local Rule 72.1(c)(1)(A)[1] (DKT#141) of Magistrate Judge Shwartz's May 5, 2008 Order on informal

---

[1] Local Rule 72.1(c)(1)(A) provides that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order. . . ." In calculating the 10 day period, Federal Rule of Civil Procedure 6 provides that, for any local rule, the Court must "[e]xclude intermediate Saturday[s and] Sunday[s] . . . when the period is 11 days or less." Fed. R. Civ. P. 6.

application, in which Judge Shwartz: (1) denied Defendant's request to compel the production of Plaintiffs' Beneficiaries' private writings not shared with others; (2) denied in part Defendant's request that all Plaintiffs' Beneficiaries submit to independent medical evaluations ("IMEs"), and granted Defendant's request as to those Beneficiaries who intend to seek benefits on a "going forward" basis; and (3) denied Defendant's request to examine Beneficiaries' parents as an adjunct to the Beneficiaries' IMEs (the "adjunct IMEs"); and upon the Foley Plaintiffs' June 2, 2008, limited cross-appeal (DKT#146) of Judge Shwartz's Order, in which Judge Shwartz ordered that Beneficiaries seeking benefits on a "going forward" basis submit to IMEs; and

it appearing that a Magistrate Judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous[2] or contrary to law,[3] see Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (citing 28 U.S.C. §636(b)(1)(A)); see also FED. R. CIV. P. 72(a); L. CIV. R. 72.1©); and

this Court having reviewed Magistrate Judge Shwartz's May 5, 2008 Order and the parties' submissions; and

---

Judge Shwartz's order was posted on CM/ECF and electronically served on the parties on May 8, 2008. The instant motion was timely filed nine days later, excluding Saturdays and Sundays, on May 21, 2008.

[2] A Magistrate Judge's order is clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. Of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 365, 395 (1948)).

[3] To be contrary to law, a Magistrate Judge's order must be "misinterpreted or misapplied applicable law." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

1. IMEs for Beneficiaries

it appearing that on March 6, 2008, Defendant served notices in which Defendant's expert, Dr. Harvey M. Hammer, requested IMEs for each of the Plaintiffs' Beneficiaries; and

it appearing that Plaintiffs objected to Defendant's request on March 12, 2008; and

it appearing that, following a review of the April 25, 2008 discovery dispute letters, on May 6, 2008 Judge Shwartz granted Defendant's request for IMEs solely as to those Plaintiffs' Beneficiaries seeking benefits "going forward"; and

it appearing that Judge Shwartz identified the "good cause" and "in controversy" requirements of Federal Rule of Civil Procedure 35(a) as set forth by the Supreme Court in Schlagenhauf v. Holder, 379 U.S. 104 (1964);[4] and

it appearing that Judge Shwartz granted Defendant's request for IMEs as to those Beneficiaries seeking benefits "going forward" after noting that the central issue in the case is whether Horizon improperly denied benefits associated with the treatment of Beneficiaries' eating disorders, and, as a result, Judge Shwartz concluded, the Beneficiaries' present condition is "in controversy" for those who are seeking benefits on a "going forward basis" (Tr. at 13:6-15); and

it appearing that Judge Shwartz concluded that "good cause" exists because the Court has already ruled that the Beneficiaries need not submit to depositions, and, for those Beneficiaries seeking benefits on a "going forward basis," an IME done by a suitable professional is a less intimidating means – and one to which the Beneficiaries' are likely accustomed – of gathering

---

[4] The rule "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf, 379 U.S. at 118.

relevant information from those Beneficiaries (Tr. 14:9-13); and

it appearing that Judge Shwartz denied Defendant's request for IMEs as to those Plaintiffs seeking solely past benefits because, "if the individual no longer suffers from the condition, a present examination of that person is not going to reveal anything about their condition", and thus IMEs would not produce any relevant discovery on the issue in controversy (Tr. at 13:16-14:7); and

it appearing that Judge Shwartz's decision applied to both ERISA and non-ERISA Plaintiffs; and

it appearing that Judge Shwartz's order denying Defendant's request for IMEs as to all Plaintiffs who are not seeking benefits "going forward" was neither "clearly erroneous" nor "contrary to law" because the present condition of those Plaintiffs is not in controversy; and

it appearing, however, that the ERISA Plaintiffs' present conditions are not in controversy regardless of whether they are seeking benefits "going forward" because in an ERISA claim, "[u]nder the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed", Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997); Amitia v. Metropolitan Life Ins. Co., 2006 WL 1094586, at *7 (M.D. Pa. 2006) ("[T]he Third Circuit Court of Appeals has made it clear that a plaintiff may not expand the record by submitting additional evidence on summary judgment."); Brown v. Board of Trustees of Bldg. Service 32B-J Pension Fund, 392 F. Supp. 2d 434, 446 (E.D.N.Y. 2005) ("Thus, in determining whether the . . . denial of benefits was arbitrary and capricious, it is proper to consider nothing more and nothing less than the administrative record."); and

it appearing that conducting IMEs on the ERISA Plaintiffs now, after the contested benefit determinations have already been made, would inappropriately expand the "whole record" beyond that which the Court may consider; and

it appearing that courts may grant a motion to supplement the record under very limited circumstances, see generally Mitchell v. First Reliance Standard Life Ins. Co., 237 F.R.D. 50, 54 (S.D.N.Y. 2006) (collecting cases), but that Defendant has not attempted to invoke any of these exceptions to the general rule in seeking IMEs from the ERISA Plaintiffs; and

it appearing, therefore, that Judge Shwartz's decision ordering ERISA Plaintiffs seeking benefits on a "going forward basis" to submit to IMEs is therefore "contrary to law," Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998); and

2. Beneficiaries' Private Writings

it appearing that Judge Shwartz's October 31, 2007 Order requiring Plaintiffs to provide "e-mails, journals, diaries and communications" was modified on December 14, 2007, reserving judgment on the question of whether Plaintiffs must produce the Beneficiaries' private writings until Defendant made an application based upon "defendants' experts['] conclu[sion] that such writings are needed for them to render an opinion" (12/14/07 Order); and

it appearing that Defendant submitted two certifications – one dated March 19, 2008 and the other dated April 24, 2008 – from its expert, Dr. Harvey Hammer, in support of its application for production of the Beneficiaries' private writings; and

it appearing that Defendant directed Judge Shwartz to paragraph six of Dr. Hammer's March 19, 2008 certification, in which Dr. Hammer sets forth his reasons as to why Defendant requires Beneficiaries' private writings; and

it appearing that Judge Shwartz apparently referred only to the April 24 certification and mistakenly failed to consider the March 19 certification; and

it appearing that, because Judge Shwartz referred to the incorrect certification, she concluded that "the Court does not see such a reference in the certification that [Dr. Hammer] signed, dated April 24, 2008, at paragraph six." (Transcript of May 6, 2008 Oral Decision ("Tr.") at 5:18-20.); and

it appearing, however, that Dr. Hammer's March 19, 2008 submission at paragraph six does in fact contain a statement explaining why Dr. Hammer believes the Beneficiaries' Private writings are necessary; and

it appearing that Dr. Hammer provides additional explanation in paragraphs five and eight of the March 19, 2008 certification as to why Defendant requires Beneficiaries' Private writings; and

it appearing that the record indicates that Judge Shwartz mistakenly referred to the April 24 certification instead of the March 19 certification, and that the March 19 certification was not taken into consideration with respect to Defendant's efforts to conform to Judge Shwartz's December 14, 2007 modification of the October 31, 2007 Order; and

it appearing, therefore, that, because Judge Shwartz mistakenly referred to the April 24 certification and not the March 19 certification, this Court is left with the belief that a "mistake has been committed" as to that portion of Judge Shwartz's May 5, 2008 Order, see Dome Petroleum Ltd., 131 F.R.D. at 65, and the Court will therefore remand this matter to Judge

Shwartz so that she may consider Dr. Hammer's explanation in the first instance;[5] and

### 3. IMEs for Beneficiaries' Parents

it appearing that on April 25, 2008, Plaintiffs sought a protective order from the Court precluding adjunct IMEs of the Beneficiaries' parents; and

it appearing that Defendant objected to Plaintiffs' request and submitted the April 24, 2008 certification of Dr. Hammer in support of its request for adjunct IMEs to supplement the parents' depositions; and

it appearing that, in denying Defendant's request for adjunct IMEs of the parents, Judge Shwartz relied on statements from Horizon's own expert, Dr. Hammer, in which Dr. Hammer noted that "parents are unlikely to provide completely reliable or objective evidence of causation. . . . Eating disorder patients often have strained relations with their parents" and it is "unlikely that parents will be able to answer questions objectively about how their daughters perceive the relationship. . . . " (Tr. at 11:5-18); and

it appearing that Judge Shwartz then concluded that Dr. Hammer's statements "directly contravene[] the need to even go through . . . the so-called adjunct examinations" (Tr. 11:16-18); and

it appearing that, relying on the aforementioned statements made by Defendant's expert, Dr. Hammer, Judge Shwartz also properly applied the "good cause" and "in controversy" requirements of Schlagenhauf to the denial of Defendant's request for adjunct IMEs because

---

[5]     The Court reiterates that Defendant may not expand the record as to the ERISA Plaintiffs without invoking one of the very limited exceptions to the rule that "in determining whether the . . . denial of benefits was arbitrary and capricious, it is proper to consider nothing more and nothing less than the administrative record." Brown, 392 F. Supp. 2d at 446.  This applies equally to the Beneficiaries' private writings.

Defendant did not exhibit "good cause" to justify ordering the parents to submit to adjunct IMEs;[6]

**ACCORDINGLY IT IS** on this 28th day of July, 2008, hereby

**ORDERED** that Horizon's appeal of May 5, 2008 Order by Magistrate Judge Shwartz is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs' cross-motion is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the matter regarding the production of the Plaintiffs' Beneficiaries' Private writings is remanded to Judge Shwartz for consideration of the explanation provided by Dr. Hammer in his March 19, 2008 certification; and it is further

**ORDERED** that Judge Shwartz's order denying Defendant's request for IMEs as to ERISA and non-ERISA Plaintiffs who are not seeking benefits "going forward" is **AFFIRMED**; and it is further

**ORDERED** that Judge Shwartz's order concerning IMEs for those Beneficiaries seeking benefits "going forward" is **AFFIRMED** as to the non-ERISA Plaintiffs and **REVERSED** as to the ERISA Plaintiffs; and it is further

**ORDERED** that if Defendant has a good faith basis to believe that an exception exists in this case to the general rule that the parties may not expand the ERISA record, Defendant may present its argument to Judge Shwartz solely as to IMEs for those ERISA Plaintiffs seeking

---

[6] Alternatively, Judge Shwartz correctly denied Defendant's request for adjunct IMEs on the parents of the ERISA Beneficiaries for the reasons set forth on page 4 and in footnote 5 above. "[I]n determining whether the . . . denial of benefits was arbitrary and capricious, it is proper to consider nothing more and nothing less than the administrative record." Brown, 392 F. Supp. 2d at 446.

benefits "going forward"; and it is further

**ORDERED** that Plaintiff's request that the Court impose certain conditions on the IMEs for the non-ERISA Plaintiffs is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiffs shall raise with Judge Shwartz the issue of placing conditions on the IMEs for non-ERISA Plaintiffs so that Judge Shwartz may consider Plaintiffs' request in the first instance; and it is further

**ORDERED** that Judge Shwartz's order denying Defendant's request for adjunct IMEs is **AFFIRMED**.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**